UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TY LEE TREDDENBARGER,

             Movant,

    v.

UNITED STATES OF AMERICA,

             Respondent.

CASE NO. C20-1755-JCC

ORDER

This matter comes before the Court on Movant Ty Lee Treddenbarger's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (Dkt. No. 1). Having thoroughly considered the motion, the Government's answer, Mr. Treddenbarger's reply and supplemental reply, and the relevant record, the Court hereby DENIES the motion.[1]

## I.     BACKGROUND

Movant Ty Treddenbarger pled guilty in October 2018 to three counts of production of child pornography and one count of possession of child pornography. *See United States v. Treddenbarger*, CR18-0238-JCC, Dkt. No. 19 (W.D. Wash. 2018). Mr. Treddenbarger admitted that while employed as a bowling coach, he traveled with underage boys to out-of-state bowling events, sexually assaulted them while they were sleeping, and recorded the abuse. *Id.* at 6. The

---

[1] The Court GRANTS Mr. Treddenbarger's motion for an extension of time to supplement his reply brief in light of the COVID-19 pandemic (Dkt. No. 9).

Court sentenced him to 300 months in prison. *Id.* at Dkt. No. 50, 51. Mr. Treddenbarger now moves to vacate, set aside, or correct his sentence because he alleges his sentencing counsel was ineffective. Specifically, Mr. Treddenbarger alleges that his sentencing counsel performed deficiently because he: (1) presented a letter from a social worker who performed a psycho-sexual evaluation of Mr. Treddenbarger summarizing his findings rather than submitting the full report, (2) failed to introduce the results of two polygraph examinations Mr. Treddenbarger took, and (3) did not meet with Mr. Treddenbarger for a significant amount of time and was generally unprepared for sentencing.[2] (Dkt. No. 1 at 12–16.) Mr. Treddenbarger argues the Court should allow him discovery, appoint counsel, hold an evidentiary hearing, and vacate, set aside, or correct his sentence. (Dkt. No. 8 at 17.)

## II.  DISCUSSION

### A.  Legal Standard

When presented with a motion under 28 U.S.C. § 2255, the Court must first determine whether "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). If they do not, the Court must order the Government to answer the motion. *See* Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts ("Rules"). Once an answer is filed, the Court "must review the answer, any transcripts and records of prior proceedings, and any [supplemental] materials [the Court requests] to determine whether an evidentiary hearing is warranted." Rule 8(a). In addition, the Court may consider its own recollection of events. *Blackledge v. Allison*, 431 U.S. 63, 74 n.4 (1977); *see also Shah v. United States*, 878 F.2d 1156, 1159 (9th Cir. 1989). "An evidentiary hearing is usually required if the motion states a claim based on matters outside the record or events outside the courtroom." *United States v. Burrows*, 872 F.2d 915, 917 (9th Cir.

---

[2] Mr. Treddenbarger also references a victim impact statement from someone he alleges he did not victimize, (*see* Dkt. No. 1 at 8–10), but Mr. Treddenbarger clarified in reply that any quibble with the victim impact statement "was never part of [his] 2255 claim." (Dkt. No. 8 at 7.) Therefore, the Court will not address it.

1989). However, even if the "motion is based on alleged occurrences outside the record, no hearing is required if the allegations, 'viewed against the record, either fail to state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal.'" *Shah*, 878 F.2d at 1158 (quoting *Marrow v. United States*, 772 F.2d 525, 526 (9th Cir. 1985)). "Mere conclusory allegations do not warrant an evidentiary hearing." *Id.* at 1161.

## B. Ineffective Assistance of Counsel

To prevail on his ineffective assistance of counsel claim, Mr. Treddenbarger must prove that his sentencing attorney's performance was deficient and that his attorney's deficient performance prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish prejudice, Mr. Treddenbarger must prove that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the [sentencing] proceeding would have been different." *Id.* at 694.

### 1. General Unpreparedness

Mr. Treddenbarger argues that the Court should resentence him because his attorney was generally unprepared. Specifically, Mr. Treddenbarger alleges that, among other things, his attorney did not respond to many of his phone calls and e-mails, failed to attend certain meetings he scheduled with Mr. Treddenbarger, met with him for a total of only four hours, and had drafted only two paragraphs of his sentencing memorandum six days before Mr. Treddenbarger's sentencing hearing. (Dkt. No. 1 at 6–10, 14–15.) Mr. Treddenbarger further alleges that his attorney "failed to pursue available mitigating evidence, and failed to utilize readily available facts and information that directly refuted [the] prosecution's assertions and supposition" regarding his "background, past behavior, circumstances surrounding [his] crimes, . . . prospects for future success, and the danger [Mr. Treddenbarger] pose[s] to the community." (Dkt. No. 9-1 at 3.)

These conclusory allegations do not warrant an evidentiary hearing. *See Shah*, 878 F.2d at 1161. Mr. Treddenbarger never identifies what information further investigation would have

revealed, nor does he explain how that information would have helped him at sentencing. Therefore, he fails to state a claim and is not entitled to an evidentiary hearing. *See Greenway v. Schriro*, 653 F.3d 790, 804 (9th Cir. 2011) (affirming denial of ineffective assistance of counsel claim when defendant "never alleged . . . what more counsel should have known or discovered"); *see also United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989) ("A defendant who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial.").

2. <u>Psycho-Sexual Evaluation and Polygraph Examinations</u>

The only specific complaints Mr. Treddenbarger makes about his attorney's performance are (a) that he submitted a letter from a social worker concluding that Mr. Treddenbarger was amenable to treatment rather than the full psycho-sexual evaluation the social worker drafted and (b) that he failed to introduce the polygraph examinations Mr. Treddenbarger took. (Dkt. No. 1 at 12–16.) Mr. Treddenbarger never explains what additional information these documents contained or why there is a reasonable probability that the information would have changed his sentence. Regardless, the Court need not address whether Mr. Treddenbarger's attorney performed deficiently because those documents would not have affected the sentence the Court imposed. Based on the letter Mr. Treddenbarger's counsel submitted and his argument at sentencing the Court already concluded that Mr. Treddenbarger was amenable to treatment. *See United States v. Treddenbarger*, CR18-0238-JCC, Dkt. No. 58 at 4. The Court imposed Mr. Treddenbarger's sentence based on the Section 3553(a) factors, with particular emphasis on the fact that the abuse spanned several years and Mr. Treddenbarger breached the trust the victims and their parents placed in him as a bowling coach. *Id.* at 16. The sentence was not based on the notion that Mr. Treddenbarger was not amenable to treatment. Therefore, additional details from the psycho-sexual evaluation and the polygraph examinations would not have changed the

Court's sentencing decision.[3] *See Strickland*, 466 U.S. at 699–700 (holding that defendant was not prejudiced by attorney's failure to introduce information that "would barely have altered the sentencing profile presented to the sentencing judge").

### 3. Discovery and Counsel

The Court also DENIES Mr. Treddenbarger's requests for discovery and for the Court to appoint counsel. "A party requesting discovery must provide reasons for the request [and] must also include any proposed interrogatories and requests for admission, and must specify any requested documents." Rule 6(b). Mr. Treddenbarger did not do so. In fact, he did not explain even in general terms what discovery he seeks. Therefore, the Court DENIES his request for discovery. In addition, the Court DENIES Mr. Treddenbarger's motion to appoint counsel. The Court must appoint counsel "[i]f necessary for effective discovery," Rule 6(a), or "[i]f an evidentiary hearing is warranted," Rule 8(c). Because the Court denies Mr. Treddenbarger's requests for discovery and an evidentiary hearing, Mr. Treddenbarger is not entitled to counsel. The Court may still exercise its discretion and appoint counsel if "the interests of justice so require," 18 U.S.C. § 3006A(a)(2), but the interests of justice do not require appointment of counsel here because the Court's denial for lack of prejudice is conclusive and would not be affected by the assistance of counsel.

### C. Certificate of Appealability

When issuing a final order denying relief under Section 2255, the Court must determine whether to issue a certificate of appealability. Rule 11(a). The Court may issue a certificate of appealability only if the movant makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In other words, the movant must demonstrate "that jurists of

---

[3] Mr. Treddenbarger repeatedly argues that the second polygraph "was conducted to specifically refute a false narrative put forth by the prosecution at sentencing, and would have successfully done so had it been introduced." (Dkt. No. 8 at 4.) However, Mr. Treddenbarger never identifies the alleged false narrative that the Government advanced, nor does he explain how the results of the polygraph examination would have refuted that narrative. These "conclusory allegations do not warrant an evidentiary hearing." *Shah*, 878 F.2d at 1161.

reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). The Court of Appeals must accept a district court's findings regarding its reasons for imposing a sentence. *See United States v. Bush*, 594 F. App'x 389, 390 (9th Cir. 2015) ("A district court judge considering a sentence that he imposed may make findings as to his prior intention, and [the Ninth Circuit] 'must take such statements at face value.'") (quoting *United States v. Gonzales*, 765 F.2d 1393, 1397 (9th Cir. 1985)). Therefore, no reasonable jurist could conclude that Mr. Treddenbarger was prejudiced by his attorney's allegedly deficient performance.

## III.   CONCLUSION

For the foregoing reasons, the Court DENIES Mr. Treddenbarger's motion to vacate, set aside, or correct his sentence, DENIES his motions for discovery and to appoint counsel, and DENIES a certificate of appealability.


DATED this 10th day of May 2021.

John C. Coughenour
UNITED STATES DISTRICT JUDGE